James L. JACKSON, Petitioner,

v.

A. R. JAGO, Superintendent, Respondent.

No. 76–2038.

United States Court of Appeals,
Sixth Circuit.

Argued April 5, 1977.

Decided June 10, 1977.

James L. Jackson, pro se.

Kurt A. Philipps, Jr., Covington, Ky. (Court appointed CJA), for petitioner.

William J. Brown, Atty. Gen. of Ohio, David J. Simko, Leo J. Conway, Columbus, Ohio, for respondent.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and GUY, District Judge.*

PER CURIAM.

James L. Jackson appeals from the denial of his application for a writ of habeas corpus.

On February 25, 1974, three armed robbers entered an Ohio service station and took $2,000 from two attendants. Approximately four weeks later, a police detective took the two service station attendants to a courtroom where Jackson was to be arraigned on unrelated charges. The detective asked them to sit in court and see if they recognized any of the participants in the robbery. When Jackson appeared in the courtroom for his hearing two and one-half hours later, both witnesses immediately recognized him as one of the three assailants. Following this identification, Jackson was charged with the robbery of the service station. The two attendants testified at the trial and positively identified Jackson as one of the three armed men who robbed them. The jury found him guilty on one count of the indictment. His conviction was affirmed by the Court of Appeals for the Sixth Judicial District of Ohio. The Supreme Court of Ohio dismissed Jackson's appeal, concluding that no substantial constitutional question was involved.

* Honorable Ralph B. Guy, Jr., Judge, United States District Court, for the Eastern District of Michigan, sitting by designation.

■ The principal contention of Jackson on the present appeal is that he was denied his right to counsel and due process at the courtroom "showup." We conclude that this contention is without merit under *United States v. Black*, 412 F.2d 687 (6th Cir. 1969), *cert. denied*, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970). Jackson relies upon the *Wade-Gilbert-Stovall* trilogy.[1] He asserts that if these three cases had been decided prior to *Black*, a different result would have been mandated. We reject this contention. In the present case Jackson had not been charged at the time of the courtroom showup. He was not charged with the service station robbery until after the two witnesses had observed him in the courtroom and identified him as one of the robbers. Since a critical stage of the prosecution had not been reached, it was not necessary to have counsel present. *Kirby v. Illinois*, 406 U.S. 682, 689–90, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ We find no violation of Jackson's due process rights. The identification procedure in the present case was not suggestive. The witnesses were placed in the courtroom and instructed "to watch everyone that comes into the courtroom, everyone that entered and left the courtroom." If they saw anybody they recognized, they were requested to contact the police detective immediately. They followed these instructions and identified Jackson without any suggestive techniques on the part of the police. Accordingly, we hold that Jackson's reliance on the *Wade* trilogy is misplaced.

Jackson also complains that the State trial judge read a three count indictment to a jury panel, although he was actually tried on only one of the three counts. He also asserts that he was deprived of the effective assistance of counsel. We conclude

1. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

that these two contentions are without merit.

Affirmed.