UNITED STATES of America, Appellee,

v.

Kenneth Lee DERRING, Appellant.

No. 78–1546.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1978.
Decided Feb. 14, 1979.

McMillian, Circuit Judge, filed a dissenting opinion.

Charles Darwin Davidson, Little Rock, Ark., for appellant.

Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee; W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on the brief.

Before ROSS and McMILLIAN, Circuit Judges, and LARSON,* Senior District Judge.

ROSS, Circuit Judge.

Defendant Kenneth Lee Derring appeals from a judgment of the district court,[1] upon a jury verdict, finding him guilty of two counts of interstate transportation of stolen motor vehicles, 18 U.S.C. § 2312.

Count I of the indictment charged Derring with transporting a stolen 1962 Chevrolet from Memphis, Tennessee to Blythe-

ville, Arkansas on or about June 10, 1977, knowing that the vehicle had been stolen. Count II similarly charged Derring with transporting a stolen 1972 Dodge from Blytheville, Arkansas to Sikeston, Missouri on or about June 16, 1977.

Before trial Derring moved to suppress (1) identification evidence and a car key relating to his possession of the automobile described in Count I of the indictment and (2) statements he had made admitting other criminal activity in connection with the vehicle described in Count II. For reversal defendant claims error in the denial of his motion to suppress and challenges the sufficiency of the evidence to support a conviction on Count II. We affirm.

## I.

On June 20, 1977, Derring was arrested in Sikeston, Missouri. He waived extradition and was returned to Blytheville, Arkansas by Detective Dye of the Mississippi County, Arkansas Sheriff's Department. A car key in defendant's possession at the time of arrest was also brought back to Blytheville.

During the next week, a Blytheville officer, Deputy Sheriff Haley, heard that Derring had attempted to sell an automobile located at Driskill's service station in Blytheville. On June 27, Haley went to the station, checked the automobile, a 1962 Chevrolet, and found that it had been stolen in Memphis, Tennessee on June 9, 1977. When Haley told the station manager, Larry Driskill, that the car was stolen, Larry stated that his father, Malcolm Driskill, had towed the vehicle in on June 10, 1977.

The next day Officers Haley and Dye brought defendant and the car key which had been found in his possession to the service station. They intended to determine whether the key fit the ignition of the

* The Honorable EARL R. LARSON, Senior United States District Judge, District of Minnesota, sitting by designation.

1. The Honorable Garnett Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas, imposed concurrent sentences of two years imprisonment on Count I and five years imprisonment on Count II after committing defendant for a study pursuant to 18 U.S.C. § 4205(d).

stolen car and if so, to ask defendant for an explanation.

As they arrived at Driskill's service station, Malcolm Driskill saw Derring and asked "how is your wife doing?" He then explained to the officers that he had met Derring a week earlier when Derring walked into the station and asked to have his car towed in from the highway. At that time Derring told Driskill that the automobile had broken down and that his wife was in the car pregnant and hemorrhaging. However, when Driskill drove Derring to the automobile and did not see a woman, Derring stated that his wife was in the hospital. As Derring had no money, Driskill bought the spare tire in the car, telling Derring to take a bus and go to his wife. Malcolm Driskill and Derring spent approximately an hour together on that occasion.

The 1962 Chevrolet remained in the station, and Malcolm Driskill did not see Derring again until the officers brought him there on June 28, 1977. After their conversation with Driskill, the officers tried the key and found that it fit the door and ignition of the stolen Chevrolet.

Derring contends that he was presented to Malcolm Driskill on June 28, 1977, for identification purposes and that this "show-up"[2] procedure was impermissibly suggestive, resulting in an unreliable in-court identification. He also objects that he was denied the assistance of counsel at the show-up.

■ Because of the spontaneous nature of Malcolm Driskill's question and his immediate recognition of defendant, the district court expressed doubt whether a show-up had in fact occurred.[3] Even if the confrontation on June 28, 1977, was a show-up, unless it was "so impermissibly suggestive as to create a very substantial likelihood of misidentification," the subsequent in-court

identification was admissible. *United States v. Bierey*, 588 F.2d 620 at 625 (8th Cir. 1978), *citing Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

[U]nnecessarily suggestive pretrial confrontation procedures alone do not violate due process. *Neil v. Biggers, supra*, 409 U.S. at 199, [93 S.Ct. 375.] The Supreme Court in *Manson* stated "that reliability is the linchpin in determining the admissibility of identification testimony." 432 U.S. at 114, [97 S.Ct. 2243].

Malcolm Driskill was not present when Officer Haley visited the station on June 27, 1977, and he had not been contacted by the officers before they arrived the next day with Derring. At most, the officers asked Driskill if he knew "this gentlemen." Driskill, who had spent an hour with defendant a week earlier had ample opportunity to observe him at that time. Driskill had responded with sympathy to Derring's story about his ill wife. He clearly remembered the details of their meeting and recognized Derring without hesitation on June 28. We agree with the district court that Malcolm Driskill's testimony identifying defendant as the person who arranged to have the 1962 Chevrolet towed to the service station was reliable and admissible. *See United States v. Sanders*, 547 F.2d 1037, 1040 (8th Cir. 1976), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977); *United States v. Monteer*, 512 F.2d 1047, 1050 (8th Cir.), *cert. denied*, 423 U.S. 855, 96 S.Ct. 103, 46 L.Ed.2d 80 (1975).

■ Furthermore, Larry Driskill was not present at the alleged show-up. He had spoken with Derring on June 10, 1977, when the car was towed to the station and again on a later date when Derring tried to sell

---

**2.** A "show-up" is the presentation of a single person as a suspect to an eyewitness for identification purposes. *United States v. Sanders*, 547 F.2d 1037, 1040 (8th Cir. 1976), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977).

**3.** The evidence conflicts as to whether the officers spoke to Malcolm Driskill first, asking him "do you know this gentleman" or whether Mr. Driskill spoke first to the defendant. In either event the evidence clearly established that Driskill immediately recognized Derring and spontaneously questioned him about his wife.

the car. We find no error in the admission of his testimony identifying the defendant.[4]

■ The car key which was found in defendant's possession when he was arrested in Sikeston, Missouri and which fit the 1962 Chevrolet left by defendant at Driskill's service station was admitted as an exhibit at trial over defendant's objection that a complete chain of custody had not been established. However, the officer from Sikeston who arrested Derring testified at the trial and identified the key as the one he had found on the defendant when he took Derring into custody. "[T]he chain of custody is not relevant when a witness identifies the object as the actual object about which he has testified." *United States v. Mahone*, 537 F.2d 922, 930 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). *See also United States v. Brown*, 482 F.2d 1226 (8th Cir. 1973):

> The criteria governing admission of exhibits into evidence is that there must be a showing that the physical exhibit being offered is in substantially the same condition as when the crime was committed. That determination is to be made by the trial judge, not the jury, and may not be overturned except for a clear abuse of discretion. Factors to be considered in making the determination of admissibility include the nature of the article, the circumstances surrounding its preservation and custody, and the likelihood of others tampering with it. If upon the consideration of such factors, the trial judge is satisfied that in reasonable probability the article has not been changed in any important respect, he may permit its introduction in evidence.

*Id.* at 1228. We find no abuse of discretion in the admission of this exhibit.

## II.

Derring next challenges the admission of "other crimes" evidence which he claims should have been excluded under Fed.R. Evid. 404(b) and 403.[5]

An employee of the Arkansas Department of Revenue, motor vehicle title division, testified that the 1972 Dodge named in Count II of the indictment was registered in Arkansas to Everett Guy Travis. Witnesses who knew Mr. Travis stated that he regularly attended classes, appeared for work and returned home every day, that he had never disappeared before but that he had not been seen since June 15 or 16, 1977.

The district court admitted the testimony of witnesses from Sikeston, Missouri to whom defendant had attempted to sell the Dodge for $10 or $15 on June 16, 1977, and thereafter. Defendant had also tried unsuccessfully to have the vehicle cut into parts. In addition, the witnesses testified that defendant told them the car was "hot," that they could buy it without title papers because there were "no witnesses" to question ownership and that he had killed the owner of the vehicle in Arkansas.

■ While it is generally improper to admit evidence of a defendant's criminal

---

4. Defendant's alternative contention that he was denied the effective assistance of counsel and therefore due process at the show-up is without merit. He had not been charged with a crime, and "adversary judicial proceedings" had not yet been initiated. At the time of the confrontation on June 28, 1977, "a critical stage of the prosecution had not been reached," and thus Derring's sixth amendment right to counsel had not attached. *See McGuff v. Alabama*, 566 F.2d 939, 941 (5th Cir.), *cert. denied*, 436 U.S. 949, 98 S.Ct. 2856, 56 L.Ed.2d 791 (1978); *Jackson v. Jago*, 556 F.2d 807, 808 (6th Cir.), *cert. denied*, 434 U.S. 940, 98 S.Ct. 433, 54 L.Ed.2d 300 (1977); *Sanchell v. Parratt*, 530 F.2d 286, 290 n. 2 (8th Cir. 1976).

5. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b)

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

acts not charged in the indictment, "evidence of other crimes may be presented when 'they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged.'" *United States v. Miller*, 508 F.2d 444, 448–49 (7th Cir. 1974). *Accord, Ignacio v. Territory of Guam*, 413 F.2d 513, 520 (9th Cir. 1969), *cert. denied*, 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed.2d 124 (1970):

> [W]here the evidence is relevant and competent to prove and establish a material fact for which the appellants are charged and the other offense is inextricably a part of the guilty act itself, the court does not commit error in allowing testimony of the other offense.

\* \* \* \* \* \*

"If several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for an offense which is itself a detail of the whole criminal scheme." (Citations omitted.)

*See also Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977). We hold that the theft, murder, interstate transportation and attempts to dispose of the automobile were part of a single transaction over a four-day period. Each of these acts was inextricably bound up with the others, and proof of the offense charged necessarily involved evidence of the other criminal conduct.

In addition, as the evidence bore directly on the questions of defendant's motive, opportunity, intent, preparation, plan and knowledge, it was admissible under Fed.R. Evid. 404(b). *See, e. g., United States v. Lamb*, 575 F.2d 1310, 1315 (10th Cir. 1978);

*United States v. Stover*, 565 F.2d 1010, 1013–14 (8th Cir. 1977).

The district judge required the government to present all of the challenged evidence at the hearing on defendant's motion to suppress. Portions of the grand jury transcript containing the anticipated testimony had previously been furnished to defendant's counsel. The judge also cautioned the jury when the testimony was first admitted at trial and again in his general instructions concerning the limited purpose for which the evidence had been introduced. We do not reweigh the value of the material against its potential for harm to the defendant, but determine only whether the district judge abused his discretion in admitting it. *See United States v. Hall*, 565 F.2d 1052, 1055 (8th Cir. 1977).[6] We hold that there was no abuse of discretion.

■ Derring also alleges that the evidence was insufficient to support a conviction on Count II. However, Mr. Travis was last seen in Blytheville, Arkansas with his automobile on June 15 and 16, 1977. Four days later the vehicle was recovered in Sikeston, Missouri in defendant's possession. Defendant had been seen with the car in Sikeston and had attempted to sell it there on June 16 and thereafter. In light of this evidence and Derring's out-of-court admissions concerning how he obtained the vehicle, we find this contention to be without merit.

The judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I must respectfully dissent. I have some serious reservations as to whether or not the trial judge may not have abused his discretion in failing to withhold from the jury all references to the disappearance and murder of the owner of the 1972 Dodge, Everett Guy Travis. Although the evidence

---

6. [T]he task of balancing the probative value of the evidence against its purely prejudicial effect is primarily one for the trial court. And if the trial judge in the exercise of his discretion determines that the evidence should be admitted, we normally defer to his judgment.
*United States v. Hall*, 565 F.2d 1052, 1055 (8th Cir. 1977).

of the witnesses as to statements made by defendant Derring about the murder was relevant, in my opinion its probative value was substantially outweighed by the danger of unfair prejudice and the evidence should have been excluded pursuant to Fed.R.Evid. 404(b).