UNITED STATES of America,
Plaintiff-Appellee,

v.

Stephen WILLIAMS,
Defendant-Appellant.

No. 79–5501
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 5, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Edward J. Castaing, Jr., New Orleans, La. (Court-appointed), for defendant-appellant.

Harry P. Pastuszek, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Stephen Williams was convicted by a jury on five counts of causing a false statement to be made to an agency of the United States, 18 U.S.C.A. §§ 2, 1001. On appeal, he contends the district court erred in (1) admitting his allegedly involuntary confession; (2) allowing a witness to identify him in court on the basis of an impermissibly suggestive photographic display; (3) admitting hearsay evidence describing his physical appearance; and (4) refusing to provide him with investigative expenses to locate the person he claimed was primarily responsible for the crimes. We affirm.

The evidence at trial established that while in Honduras, Williams prepared and sold four letters purportedly offering employment with a New Orleans-based corporation. Williams knew the purchasers would present the letters to secure visas from the United States consulate and obtain entry from immigration officials in the United States. A fifth letter prepared by Williams was sold in New Orleans to a man who Williams knew would present it to the Coast Guard in applying for seaman's papers.

## I. CONFESSION

Taken into custody when he voluntarily appeared on another matter at the New Orleans office of the Immigration and Naturalization Service (INS), Williams signed a written confession of his involvement in preparing the letters.

After hearing testimony on the issue of voluntariness, the trial court found that Williams was advised of the nature of the offense before confessing and rejected Williams' contention that he was coerced into an involuntary confession by the belligerence of an INS agent. The trial court, making credibility determinations, was not clearly erroneous. *United States v. Ballard*, 586 F.2d 1060, 1062 (5th Cir. 1978); *United States v. Hernandez*, 574 F.2d 1362, 1370 n.17 (5th Cir. 1978).

■ The argument that a defendant must be advised of the specific statute he is suspected of violating before confessing is unsupported by the case law and by the language of 18 U.S.C.A. § 3501(b)(2).

■ Having examined the entire record, we independently conclude that Williams' confession was voluntary and admissible as evidence. *Mincey v. Arizona*, 437 U.S. 385, 398, 98 S.Ct. 2408, 2417, 57 L.Ed.2d 290 (1978); *Davis v. North Carolina*, 384 U.S. 737, 741–42, 86 S.Ct. 1761, 1764, 16 L.Ed.2d 895 (1966).

## II. PHOTOGRAPHIC DISPLAY

A witness who identified Williams in court as the man from whom he purchased two false letters had been shown a single photograph of the defendant by an INS agent during the INS investigation.

■ The agent's display of a single photograph of Williams rather than an array of photographs depicting different individuals was impermissibly suggestive. *United States v. Cueto*, 611 F.2d 1056, 1064 (5th Cir. 1980); *Hudson v. Blackburn*, 601 F.2d 785, 788 (5th Cir. 1979).

■ Exclusion of the in-court identification is not required, however, unless the impermissibly suggestive display created a substantial likelihood of misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *United States v. Cueto*, 611 F.2d at 1064. A reliable identification is admissible despite the suggestiveness of the photographic display. *Hudson v. Blackburn*, 601 F.2d at 788.

■ Factors to be weighed in a determination of reliability include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the time of the photographic display, and the length of time between the crime and the photographic display. *Manson v. Brathwaite*, 432 U.S. at 114, 97 S.Ct. at 2253; *United States v. Cueto*, 611 F.2d at 1064.

■ In this case, the witness' in-court identification of Williams was clearly reliable. In obtaining the letters from Williams, the witness had several lengthy opportunities to see him. Prior to viewing the photograph, the witness had given an accurate physical description of Williams. His identification of the photograph was definite and occurred less than two weeks after the crime. The reliability of the witness' in-court identification is buttressed by Williams' own testimony that he met the witness in Honduras and handed him an envelope, not knowing its contents. The trial court did not err in admitting the witness' identification of Williams.

## III. HEARSAY

Two witnesses related the physical descriptions of Williams given by a person who first directed them to Williams. Williams asserts the testimony was hearsay and should have been excluded.

 An out-of-court statement is hearsay if it is offered as proof of the truth of that statement. *United States v. Fox*, 613 F.2d 99, 101 (5th Cir. 1980); Fed.R.Evid. 801(c). Even if the statements here in dispute were offered to prove the accuracy of the descriptions of Williams as the man with whom the witnesses met in Honduras, reversal would not be required. In light of Williams' testimony that he met each of the two witnesses in Honduras, and their identification of him in court, admission of the hearsay testimony would at most be harmless error, affecting no substantial right of the defendant. *United States v. Ballard*, 586 F.2d at 1062; Fed.R.Evid. 103(a).

## IV. INVESTIGATIVE EXPENSES

Williams contends the trial court erred in refusing to provide his counsel with investigative expenses to locate Maria Nunez, who Williams claimed was primarily responsible for the crimes. Investigative services, if "necessary for an adequate defense," must be provided to a defendant financially unable to pay for them himself. 18 U.S.C.A. § 3006A(e)(1).

 After properly receiving information *in camera* from defense counsel as to Maria Nunez' possible whereabouts in Honduras and the potential significance of her testimony for Williams' defense, the trial court concluded that even if the witness could be found in Honduras, it was extremely unlikely that she would voluntarily travel to the United States and testify as to her alleged guilt. Moreover, the court expressed doubts as to both the credibility of Williams' account and his possibly dilatory motivation in belatedly providing information about Maria Nunez' workplace in Honduras. Under these circumstances, the trial court did not abuse its discretion in denying Williams' motion for investigative expenses,

first effectively asserted two days before the trial. *See United States v. Davis*, 582 F.2d 947, 952 (5th Cir. 1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979).

Counsel has requested us to consider additional allegations of error made by Williams himself. We have done so, and found that none merits reversal of his convictions.

AFFIRMED.