**James Earl McGEE, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., etc.,
Respondent-Appellee.**

No. 79–2865.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1980.

Paul G. Johnson, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., Erik S. Goodman, Sugar Land, Tex., for petitioner-appellant.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before TJOFLAT, POLITZ and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

We must determine when an adversary judicial criminal proceeding begins in Texas. James Earl McGee, a Texas state prisoner serving a sentence for armed robbery, appeals a denial of his habeas corpus petition, 28 U.S.C. § 2254. McGee contends that his criminal prosecution began at the time of his pretrial lineup, held on the day of his arrest, and that he, therefore, had a constitutional right to have appointed counsel present at his lineup. He also contends that the pretrial identification testimony and in-court identification testimony was inadmissible. The trial judge denied McGee's habeas corpus petition, finding that no adversary proceedings had commenced at the time of the lineup, that McGee had no right to have appointed counsel at the lineup, and that the identification testimony was reliable and admissible. Because we hold that an adversary proceeding had not begun where prosecuting authorities were unaware of the arrest, we affirm.

On the night of May 22, 1967, two males robbed a service station in Fort Worth, Texas. Charles Smith was the service station attendant on duty at the time of the robbery. Smith testified that two men entered his service station and asked for a can in which to put gasoline. After a short conversation, the two men revealed their true intention to rob the service station. Both men were armed with .22 caliber revolvers. They took all the money out of the cash register, as well as a .38 caliber Berretta automatic pistol belonging to Smith. Neither of the two robbers were disguised; there was nothing over their faces, and Smith testified that he had a good look at both of their faces. After the robbery, the two men escaped and Smith called the police. The men were not apprehended.

Several weeks later, Smith went to the Fort Worth police department and viewed photographs of persons with criminal records. From those photographs, he identified McGee as one of the robbers.

On July 7, 1967, McGee was arrested along with three other men. The car in which they were riding was stopped by the Fort Worth police because it matched the description of a car involved in an offense. The officers observed a .22 caliber revolver thrown from the vehicle and discovered a .38 caliber Berretta automatic pistol inside the car. McGee and the three others in the car were taken to the police station and turned over to a detective, who recognized McGee from Smith's photographic identification. The detective took McGee before a Texas magistrate for the requisite statutory warnings. McGee was warned by the magistrate, both orally and in writing, and McGee indicated that he understood the warnings and his rights. At this time McGee did not indicate that he desired the assistance of counsel. Two hours later, a lineup was conducted which the complaining witness, Smith, attended. In the lineup were the three other men arrested with McGee in the automobile. Smith identified McGee as one of the two men who had robbed him on May 22, 1967.

At trial, Smith made an in-court identification of McGee, and also testified concerning the photographic identification and the pretrial lineup identification.

The pretrial lineup occurred on July 7, 1967. McGee was indicted on September 10, 1967, and signed a request for counsel form on October 27, 1967.

McGee now asserts that he had a right to appointed counsel at his pretrial lineup. Additionally, he claims that his pretrial identification lineup constituted a denial of due process, because it was so suggestive as to create a substantial risk of misidentification.

I

■ As to McGee's claim that he had a right to counsel at his pretrial lineup, the underlying and determinative issue is when does an adversary judicial proceeding commence in Texas. This is essential, because criminal defendants have a right to counsel at pretrial lineups conducted after the commencement of formal criminal proceedings of an adversary nature. This right is guaranteed by the Sixth Amendment to the United States Constitution. *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1971, 18 L.Ed.2d 1178 (1967); *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1189 (1967). In *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the Supreme Court shed light upon the *Wade* and *Gilbert* decisions by stating:

> In a line of constitutional cases in this Court stemming back to the Court's landmark opinion in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time the adversary judicial proceedings have been initiated against him.

> .     .     .     .     .

> Less than a year after *Wade* and *Gilbert* were decided, the Court explained the rule of those decisions as follows: 'The rationale of those cases was that an accused is entitled to counsel at any "crit-

ical stage of the *prosecution*," and that a post-indictment lineup is such a "critical stage." ' (Emphasis supplied.) *Simmons v. United States*, 390 U.S. 377, 382–383, 88 S.Ct. 967 [, 970], 19 L.Ed.2d 1247, 1252. We decline to depart from that rationale today by imposing a per se exclusionary rule upon testimony concerning an identification that took place long before the commencement of any prosecution whatever.

406 U.S. at 688, 690, 92 S.Ct. at 1881–83.

■ Realizing that the critical determination is when the criminal prosecution began, McGee urges us to conclude that the adversary process commenced at the pretrial lineup. This we cannot do. Here, the lineup was conducted before the initiation of formal adversary proceedings. The lineup occurred on July 7, 1967, and the indictment was not returned until September 10, 1967. Only the police were involved in the lineup; the prosecution had no involvement. Moreover, the prosecution did not even know that the lineup was taking place. We hold that an adversary criminal proceeding has not begun in a case where the prosecution officers are unaware of either the charges or the arrest. Thus, this case falls under the rubric of *Caver v. Alabama*, 577 F.2d 1188 (5th Cir. 1978). There, this court held:

> An arrest on probable cause without a warrant, even though that arrest is for the crime with which the defendant is eventually charged, does not initiate adversary judicial criminal proceedings, and therefore Caver had no constitutional right to counsel at the lineup conducted subsequent to his arrest but before he was formally charged.

577 F.2d at 1195.

To accept McGee's argument would mean that adversary proceedings would begin under Texas law at the time of arrest. Nothing in Texas procedures require such a conclusion. Likewise, such a conclusion would be antithetical to the result reached by the Supreme Court in *Kirby* and by this court in *Caver*.

■ McGee suggests further alternatives to indictment as being the time of commencement of prosecution. He argues that the police investigation ended and the prosecution began after Smith's photographic identification. Such an interpretation, however, is not reasonable. We find that Smith's photographic identification of McGee initiated, rather than ended, the police investigation.

■ McGee also contends that his appearance before the magistrate triggered the adversary process. Such is not the case. An appearance before the magistrate for statutory warnings under Texas law does not involve counsel for the state, nor is it a formal charge; rather, it is for the purpose of complying with the requirements set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[1] McGee claims that the magistrate formally charged him and that this instituted the adversary process. McGee, however, presents no evidence in support of this claim. We, thus, follow a case involving similar facts, *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.1978), where the court held that:

> We cannot conclude that informing a defendant of the accusation against him constitutes the initiation of adversary criminal proceedings. Consequently, in the instant case, the lineup was investigatory in nature and not accusatory. It was conducted prior to any arraignment, indictment, or formal charges being brought against him, and the appellant

was not entitled to counsel as a matter of absolute right.

As the Supreme Court stated in *Kirby*:

> The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable.

406 U.S. at 689–690, 92 S.Ct. at 1882.

## II

■ The identification testimony at trial was properly admitted because the lineup was not concluded in such an unduly suggestive manner as to give rise to a substantial likelihood of irreparable misidentification amounting to a denial of due process of law. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The totality of the circumstances indicates the identification was reliable. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 52 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

1. Article 14.06 of the Texas Code of Criminal Procedure mandates, in pertinent part, that:
   [T]he person making the arrest shall take the person arrested or have him taken without unnecessary delay before the magistrate who may have ordered the arrest or before some magistrate of the county where the arrest was made without an order. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.
   Article 15.17 describes the magistrate's duties, in pertinent part, as follows:
   [T]he person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested.

The magistrate shall inform in clear language the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him.

Here, the witness, Smith, had ample opportunity for observation of McGee at the robbery in the well-lighted service station under circumstances that would focus his attention on McGee. Smith never misidentified anyone else as McGee and positively identified McGee at the lineup only six weeks after the offense.[2]

Accordingly, because we find that a criminal prosecution cannot begin where the prosecuting authorities are not aware of the arrest, and because we find that the witness' identification testimony was reliable, we affirm.

AFFIRMED.

---

**2.** An argument that is not made, but which is inherent in this case, is whether there is a due process violation because a defendant with means would have been able to have counsel present at the lineup, whereas McGee, without means, was unable to have one present. We would reject this argument because there are many features in criminal cases, especially prior to the initiation of prosecution, which one can take advantage of with counsel that one cannot take advantage of without counsel.