James Earl McGEE, Petitioner–Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent–Appellee.

No. 80–1149

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1980.

Erik S. Goodman, Counsel for Inmates, Tex. Dept. of Corrections, Sugar Land, Tex., for petitioner–appellant.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent–appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant James Earl McGee appeals from the denial of habeas corpus relief, 28 U.S.C.A. § 2254, by the district court. He was convicted of armed robbery in 1968 in a Texas state court. He alleges two grounds for habeas relief (1) that he was denied his right to counsel at a pre–trial lineup and (2) that the identification testimony of an eye witness was unreliable due to a suggestive

lineup. The district court, following the recommendations of the magistrate, denied relief on both grounds. We affirm.

At approximately 11:20 A.M. on July 7, 1967, two men robbed Mr. James Hazelwood, a liquor store operator, at gunpoint, and a third man stood in the doorway of the store. They took $63.00 in a money clip from Mr. Hazelwood's pocket and about $80.00 in cash and change from the cash register. Some neighborhood children observed the robbery and wrote down the license plate number of the getaway car. Less than one hour later, a police officer spotted the vehicle and when he attempted to stop it, he observed a revolver and a money clip being thrown from the car; these items were recovered. The appellant was one of the four occupants of the vehicle. A search of the car revealed about $80.00 in cash and coins as well as a .38 caliber Berretta automatic pistol. The appellant and three others were arrested and taken before a magistrate to be informed of their constitutional rights. A lineup was held at approximately 1:00 P.M. on the same day and Mr. Hazelwood, the victim, identified the appellant as one of the robbers.

The offense, arrest and the lineup took place on July 7, 1967, but the indictment was not returned until August 17, 1967. At trial, Mr. Hazelwood again identified the appellant. He testified that the appellant was in his full view for three to four minutes and that the robbery took place in the daylight. Although the appellant had pulled his shirt above his nose to conceal his face, he constantly pulled it down to give orders during the robbery.

First, the appellant alleges that he was denied his right to appointed counsel at the lineup. This issue is controlled by our recent decision in *McGee v. Estelle*, 625 F.2d 1206 (5th Cir. 1980) (No. 79–2865), in which the appellant raised the same issue with respect to a conviction for another armed robbery. Though this case and number 79–2865 involved separate robberies, the lineup at which McGee claims he was entitled to counsel was apparently the same in each case.[1] In *McGee*, we restated the general rule that a defendant is not entitled to a court–appointed attorney at a pre–trial lineup until adversary judicial proceedings have been initiated against him. We held,

[T]he lineup was conducted before the initiation of formal adversary proceedings. The lineup occurred on July 7, 1967, and the indictment was not returned until September 10, 1967. Only the police were involved in the lineup; the prosecution had no involvement. Moreover, the prosecution did not even know that the lineup was taking place. We hold that an adversary criminal proceeding has not begun in a case where the prosecution officers are unaware of either the charges or the arrest.

*McGee v. Estelle*, 625 F.2d at 1208. The only difference in this case is that the indictment was returned on August 17 rather than September 10. There is no suggestion in the record that the prosecuting officials in this case were involved in the lineup or even knew about the charges or the arrest. In *McGee*, we also rejected appellant's argument that the appearance before the magistrate commenced the adversary process. The purpose of the appearance is simply to inform the defendant of his *Miranda* rights.

Appellant also alleges that the identification testimony of Mr. Hazelwood was unreliable and, therefore, inadmissible at trial. The test for determining the reliability of identification testimony following identification at a pretrial lineup is whether the lineup was "unnecessarily suggestive and conducive to irreparable mistaken identification." *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Our inquiry must proceed along two lines. First, we must determine whether the identification procedure itself was unnecessarily suggestive; and secondly, whether the identification of the appellant was reliable. *See, e. g., McGuff v. State of Alabama*, 566 F.2d 939 (5th Cir.), *cert. de-*

---

1. It is certain that the lineup took place on the same day, July 7, 1967.

*nied*, 436 U.S. 949, 98 S.Ct. 2856, 56 L.Ed.2d 791 (1978). Appellant alleges that when the police brought Mr. Hazelwood to the station they told him that the appellant and three others had been arrested. Mr. Hazelwood testified that the police told him that "they had apprehended some possibilities." Tr. at 30. Although such comments by the police might be some evidence of suggestiveness, we do not believe that they rendered the lineup unnecessarily suggestive in this case. "While [the knowledge that suspects are included in the lineup] may be taken into account where there is other indication of suggestivity, the mere fact that suspects are included within the lineup, and the witnesses know or assume this to be the case, is an inescapable aspect of the lineup identification procedure." *United States v. Person*, 478 F.2d 659, 661 (D.C.Cir. 1973). Other factors or circumstances tend to dispel any suggestiveness of the lineup. The appellant was placed in the lineup with his three companions and one other man, all of whom were black. The police changed appellant's clothes before the lineup so that he would not be identified by his clothing. Finally, the police did not show Mr. Hazelwood the stolen property until after the lineup. *Compare Allen v. Estelle*, 568 F.2d 1108, 1112 (5th Cir. 1978) (evidence of suggestivity where police showed witness stolen property before the lineup). These precautions are indicative of an effort to make the lineup procedure unsuggestive.

Having concluded that the lineup procedure was not unnecessarily suggestive, we proceed to determine whether the identification testimony was unreliable. "The factors considered in evaluating the likelihood of misidentification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation." *McGuff v. State of Alabama*, 566 F.2d at 941. *See also Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). "[T]here is no require-

ment that positive findings be made on all five factors before a court can find that there is not substantial likelihood of misidentification." *Landry v. State of Alabama*, 579 F.2d 353, 355 (5th Cir. 1978). The witness positively identified the appellant at the lineup and at trial. During the robbery, the witness was able to see the appellant for three to four minutes in the daylight. Since the appellant searched Mr. Hazelwood's pockets, Mr. Hazelwood had a close look at the appellant. Although the appellant attempted to pull his sweatshirt above his nose to disguise his face, he constantly had to pull the shirt down to give orders thereby giving the victim an opportunity to see his face. There is no evidence of any misidentification of the other suspects. The lineup took place within two to three hours following the robbery when the witness' recollection was fresh. Accordingly, we do not believe that the district court erred in holding that the identification testimony was reliable.

AFFIRMED.