**UNITED STATES of America**

v.

**Billy L. BALLARD and Gene Milton Hooks.**

**Cr. No. 81–84–N.**

United States District Court, M. D. Alabama, N. D.

March 24, 1982.

John C. Bell, U. S. Atty., and Charles R. Niven, Asst. U. S. Atty., M. D. Alabama, Montgomery, Ala., for the U. S.

Edward W. Drinkard, Prattville, Ala., for defendant Ballard.

## ORDER

MYRON H. THOMPSON, District Judge.

The defendant Billy L. Ballard was convicted on January 15, 1982, of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), carrying a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c)(2), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C.App. § 1202(a). This cause is now before the Court on his motion for new trial and his motion for judgment of acquittal, both filed January 20, 1982, and amended January 22, 1982. A hearing was held on these two motions on February 1, 1982.

## I. BACKGROUND

On August 11, 1981, two men, wearing face masks made out of women's hosiery, wearing long-sleeved shirts and blue jeans, and armed with a gun, entered an apartment belonging to a Jerry Guin, who was then present, and to another young man, who was not present. The two men immediately pushed Guin to the floor, taped his hands behind his back, and taped his eyes. After rummaging through the apartment, the men left, taking with them some marijuana purportedly owned by the other, absent occupant of the apartment. Guin quickly freed himself, untaped his eyes and ran to the apartment balcony where he saw one of the men, then without his stocking mask, get into the passenger side of a small blue sports car. Upon the arrival of the police, Guin gave them a description of the car as already noted, and a description of the robbers as two white males, one younger and one older and one darkhaired and one lighthaired. Shortly thereafter, Ballard and Gene M. Hooks were stopped in a small blue sports car by Prattville policemen who were on the look-out for the robbers. A search of the car revealed a gun and numerous small bags of marijuana.

Later the same day, Ballard, Hooks and several other men were presented to Guin in a lineup. Guin identified Hooks as one of the robbers, in particular, the one whom he later saw getting into the small sports car. Guin, however, was unable to identify Ballard.[1]

Approximately three weeks later, Guin identified Ballard as one of the robbers, but only after he saw Ballard at a series of state preliminary proceedings in a county courthouse. The evidence as to this identification is confusing and somewhat contradictory. There is some evidence that Ballard was in police custody at the county courthouse, and there is other evidence that he was not, at least, not noticeably so. However, more significantly, Guin's testimony itself is confusing and contradictory. For instance, at Ballard's jury trial in this Court, Guin testified that he "went to the [county] court about three times and never did anything but sit there, and I just got to looking, and just to recognizing him;" but at a later hearing in this Court on Ballard's motion for new trial, Guin testified he recognized Ballard immediately, the first time he saw him at the county courthouse.

At Ballard's jury trial this Court, over Ballard's objection, admitted Guin's identification of him.

## II. MOTION FOR NEW TRIAL

Ballard contends, first of all, that he is entitled to a new trial because this Court improperly admitted Guin's identification of him.

At the trial of this cause this Court, employing a two-step analysis by which identification reliability is questioned only if first there is a finding that the identification procedures were unduly suggestive, *United States v. Williams*, 616 F.2d 759, 761 (5th Cir.) (per curiam), *cert. denied*, 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980), was of the opinion that unless the identification procedures were impermissibly suggestive

---

1. Guin testified that he made a tentative identification of Ballard at this lineup, being unable to distinguish between Ballard and one other lineup participant. Bob White, a Prattville police officer who was present at the lineup testified that no such tentative identification was made in his presence.

as a result of *improper police* or *government conduct*, the issues as to suggestiveness and reliability were for the jury exclusively, not for the Court. This Court then admitted Guin's identification of Ballard without addressing the issues of suggestiveness and reliability because there was no evidence that the government or the police played any deliberate and impermissible role in the encounters between Guin and Ballard, their encounters having been purely accidental.

■ After trial, this Court came across and brought to the attention of the parties the Ninth Circuit case of *Green v. Loggins*, 614 F.2d 219 (9th Cir. 1980). In this case, the appellate court, after noting that the police had not engaged in any culpable conduct in a jailhouse encounter between an identification witness and a defendant, observed that

> the fact that most accidental encounters do not involve a significant degree of suggestiveness does not mean that every accidental encounter is automatically above constitutional scrutiny. Rather, a court is obligated to review every pre-trial encounter, accidental or otherwise, in order to insure that the circumstances of the particular encounter have not been so suggestive as to undermine the reliability of the witness' subsequent identification.

614 F.2d at 223. This Court has uncovered no former Fifth or new Eleventh Circuit cases expressly adopting this view of the law.[2] Nevertheless, a review of the relevant Supreme Court cases has convinced the Court that the Ninth Circuit's conclusion in *Green v. Loggins* is correct: any unduly suggestive pre-trial confrontation, even if not caused by improper government action, triggers constitutional scrutiny. *Id.*

The Supreme Court has repeatedly emphasized in its eyewitness identification decisions that "the primary evil to be avoided is a very substantial likelihood of . . . misidentification." *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *see also Manson v. Brathwaite*, 432

U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). These cases reflect the Supreme Court's concern that, due to the inherent vagaries of eyewitness identifications and their unusually persuasive effect upon jurors, the jury should not hear eyewitness testimony unless the testimony first meets a minimum standard of reliability. *See Manson v. Brathwaite, supra*, 432 U.S. at 112, 97 S.Ct. at 2252; *United States v. Wade*, 388 U.S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967). Thus, the Court has held that the unnecessarily suggestive confrontation itself does not violate due process; *see, e.g., Manson v. Brathwaite, supra*, 432 U.S. at 110–14, 97 S.Ct. at 2250–53; *Neil v. Biggers, supra*, 409 U.S. at 198, 93 S.Ct. at 382; rather, "[i]t is the likelihood of misidentification which violates a defendant's right to due process." *Id.*, 409 U.S. at 198, 93 S.Ct. at 381–82.

■ As the Ninth Circuit in *Green v. Loggins* observed, this likelihood of misidentification arises whenever there has occurred an unnecessarily suggestive confrontation between an eyewitness and a suspect, regardless of whether the confrontation was deliberate or involved actions by the police. 614 F.2d at 222. *Cf. United States v. Wade, supra*, 388 U.S. at 228–29, 87 S.Ct. at 1933 ( [s]uggestion can be created intentionally or unintentionally in many subtle ways."). Thus, improper police conduct is not the only circumstance which can render an encounter unnecessarily suggestive to a witness; *Green v. Loggins, supra*, 614 F.2d at 222; rather due process is violated by the admission of an eyewitness identification made after any unduly suggestive encounter, unless the identification is independently reliable. *See, e.g., id.* at 222–25.

■ Applying the above principles to the instant case, this Court must conclude that its admission into evidence of Guin's identification of Ballard was in error. First of all, the encounters between Guin and Bal-

---

**2.** The new Eleventh Circuit has adopted as its precedent the case law of the former Fifth

Circuit. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

lard were unduly suggestive. Guin clearly could not identify Ballard at the lineup on the day of the robbery, a point in time when the robbers' identities would have been fresh in Guin's mind. Instead, Guin was able to identify Ballard only after he had seen Ballard in a lineup and after they had both regularly appeared for a series of court proceedings involving the robbery, two circumstances which together were clearly and strongly suggestive to Guin that Ballard had become a prime suspect. *See, e.g., Green v. Loggins, supra.*

Nevertheless, step two of the due process analysis requires admission of an eyewitness identification if the identification is shown to have a reliable basis independent of a witness' observation at the suggestive confrontation. *See, e.g., Manson v. Brathwaite, supra,* 432 U.S. at 116, 97 S.Ct. at 2253; *United States v. Williams, supra,* 616 F.2d at 761. The factors to be considered in evaluating such reliability include (1) the opportunity of the witness to view the perpetrator at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the perpetrator, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. Furthermore, a court must consider and weigh against these five factors the corrupting effect of the suggestive identification itself. *Manson v. Brathwaite, supra,* 432 U.S. at 114, 97 S.Ct. at 2253; *Neil v. Biggers,* 409 U.S. at 199, 93 S.Ct. at 382; *McGee v. Estelle,* 632 F.2d 476, 479 (5th Cir. 1981). Applying these factors to this case, there is little reason to believe that Guin's identification is independently reliable. Guin had little if any opportunity to view Ballard;[3] he was unable to identify Ballard in a lineup held immediately after the robbery; and there was substantial time between the robbery and when Guin identified Ballard as one of the robbers.

Having considered these indicators of reliability, the due process analysis finally calls for a weighing of these factors against "the corrupting effect of the suggestive identification itself." *Manson v. Brathwaite, supra,* 432 U.S. at 114, 97 S.Ct. at 2253. This presupposes, however, that the analysis of the identification up to this point has revealed "indicators of [the witness'] ability to make an accurate identification." *Id.,* 432 U.S. at 116, 97 S.Ct. at 2254; *Green v. Loggins,* 461 F.Supp. 24, 34, (N.D.Cal.) *aff'd,* 614 F.2d 219 (9th Cir. 1980). As already noted, in this case the analysis of the five factors of reliability, rather than indicating that Guin's identification was independently reliable based upon his observations of the robber at the time of the crime, has shown that Guin was in fact unable to make an accurate identification.

The admission of Guin's eyewitness identification of Ballard therefore violated due process and requires a new trial for Ballard.[4]

As to the other contentions raised by Ballard in support of his motion for new trial, this Court need not consider them.

### III. MOTION FOR JUDGMENT OF ACQUITTAL

The Court is of the opinion that Ballard's motion for judgment of acquittal is wholly without merit.

Accordingly, for the reasons stated above, it is ORDERED:

(1) That the defendant Ballard's motion for new trial be and it is hereby granted; and

(2) That the defendant Ballard's motion for judgment of acquittal be and it is hereby denied.

Furthermore, the government having already provided the defendant Ballard with the information requested in his motion for disclosure, filed January 26, 1982, it is ORDERED that this motion be and the same is hereby denied as moot.

---

**3.** In contrast, Guin briefly saw the other robber without a face mask on, and he was able to identify this man as Hooks at the initial lineup.

**4.** The government does not argue that the admission of this testimony was harmless error beyond a reasonable doubt.