BOWEN, Presiding Judge.
The defendant was indicted and convicted for burglary in the third degree and theft of property in the first degree. He was sentenced as a habitual offender to life imprisonment.
The defendant argues that his confession was involuntary because, although he was informed of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in connection with the rape charge on which he was initially arrested, he was never informed of his constitutional rights with regard to the burglary charge about which he was interrogated approximately twenty minutes later.
An accused need not be advised of the specific statute he is suspected of violating before confessing. United States v. Williams, 616 F.2d 759, 761 (5th Cir.1980). “Once the mandate of Miranda has been complied with at the threshold of the questioning it is not necessary to repeat the warnings at the beginning of each successive interview.” Gibson v. State, 347 So.2d 576, 582 (Ala.Cr.App.1977). See also Hollander v. State, 418 So.2d 970, 972 (Ala.Cr.App.1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.