

# The Attorney General of Texas

May 2, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas 78711

Opinion No. JM-151

Re: Whether a county jail must accept state statute violators delivered by municipal police officers, and related questions

Dear Mr. Viterna:

You inform us that Bexar County Jail provides housing for persons arrested by city police officers for violating a state statute. However, the county charges the city making the arrest $50 a day for each prisoner until he is taken before a magistrate. You ask the following questions about this practice:

(1) Must the Bexar County Jail accept all state statute violators delivered by municipal police officers (see Attorney General Opinion MW-52 regarding municipal offenders)?

(2) Must municipalities be required to pay for each individual until that person [appears before a magistrate]? Or,

(3) Must the violator [appear before a magistrate] prior to delivery to the Bexar County Jail?

(4) And, must a district attorney's representative be present at the magistrates hearing?

City police officers are peace officers, authorized to make arrests under the Code of Criminal Procedure. Code Crim. Proc. arts. 2.12, 2.13.

When a city police officer or other person authorized by law arrests anyone, he must "without unnecessary delay take the person arrested or have him taken before some magistrate of the county" where the arrest took place. Code Crim. Proc. art. 15.17, see also arts. 14.06, 15.16. Mayors, recorders, and judges of municipal courts are among the officers designated as magistrates by article 2.09 of the code. The magistrate performs the duties set out in article 15.17,

including warning the arrestee of his constitutional rights and admitting him to bail if allowed by law.

Article 2.17 of the Code of Criminal Procedure, pertaining to a sheriff's duty, requires him to commit to jail the offenders he apprehends, subject to his duty to take them before a magistrate. The sheriff is also required to place in jail prisoners who are committed by warrant from a magistrate or court. Code Crim. Proc. art. 2.18. See also V.T.C.S. art. 5116(a). The sheriff may take custody of a prisoner lawfully arrested by a city police officer, thereby becoming responsible for the prisoner. Code Crim. Proc. art. 45.43; V.T.C.S. art. 5116. He is not, however, required by statute to take responsibility for a person arrested by city police until the prisoner is taken before a magistrate and committed to the county jail. See Attorney General Opinion H-169 (1973).

Attorney General Opinion MW-52 (1979) determined that a sheriff had no duty to confine in the county jail persons arrested for violating only a municipal ordinance. This opinion relied in part on article 45.05 of the code, which makes the city chief of police responsible for persons convicted of an offense in municipal court. It did not consider when the sheriff's duty arose to incarcerate a person arrested by city police for violating a state statute.

We answer your first and third questions as follows: The Bexar County Jail is required to accept state statute violators only after a magistrate or court has committed them to the jail.

Your second question concerns whether the cities may be required to pay for each prisoner's keep until he is brought before a magistrate. The county could collect this payment from the city if the two governmental bodies entered into an interlocal contract agreeing to this term. V.T.C.S. art. 4413(32c); see Attorney General Opinions MW-52 (1979); O-7353 (1946). However, it appears from the correspondence submitted with your request letter that the city and county have not entered into such an agreement. We are unable to find any provision of law authorizing the county to impose this charge on cities absent an appropriate contract.

You finally ask whether a district attorney's representative must be present at the magistrate's hearing. Article 2.09 of the Code of Criminal Procedure lists the officers who are magistrates:

> Each of the following officers is a magistrate within the meaning of this Code: The justices of the Supreme Court, the judges of the Court of Criminal Appeals, the justices of the Courts of Appeals, the judges of the District Court, the county judges, the judges of the county courts at law, judges of the county criminal courts, the justices of the peace, the mayors and recorders

and the judges of the municipal courts of incorporated cities or towns.

We find no provision of law requiring a magistrate to await the arrival of the district attorney's representative before he gives the warnings required by article 15.17.

Article 2.01 of the code requires the district attorney to represent the state in examining trials in his district, when notified that one will take place and when other duties do not prevent his participation in it. See, e.g., art. 16.06 (examining trial procedure). A magistrate conducts examining trials. Code Crim. Proc. art. 16.01. Thus, the legislature has expressly stated when the district attorney must attend a proceeding before a magistrate. The arrestee's appearance before a magistrate for statutory warnings is not such a proceeding.

In McGee v. Estelle, 625 F.2d 1206 (5th Cir. 1980) cert. denied, 449 U.S. 1089 (1981) the relator contended that his appearance before a magistrate triggered the adversary process so that he was thereafter entitled to representation by counsel. The court refuted this contention, pointing out that appearance before a magistrate for statutory warnings does not involve counsel for the state but instead is for the purpose of complying with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). See also Wyatt v. State, 566 S.W.2d 597 (Tex. Crim. App. 1978). The district attorney's presence is not required at the magistrate's proceeding pursuant to article 15.17 of the code.

## S U M M A R Y

The Bexar County Jail is not required to accept state statute violators arrested by municipal police officers until the arrestee has appeared before a magistrate for statutory warnings and commitment to the county sheriff's custody. If it does accept such arrestees, the county may not charge the city a fee for housing them prior to commitment unless the city and county have contracted for that purpose. A district attorney's representative need not be present at the magistrates hearing pursuant to article 15.17 of the Code of Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton