**Fred CANNON, Appellant,**

v.

**Maurice H. SIGLER, Warden of Nebraska Penal and Correctional Complex, Appellee.**

**No. 71–1627.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1972.

Decided May 11, 1972.

Bryce Bartu, of Blevens, Bartu & Blevens, Seward, Neb., for appellant.

Calvin E. Robinson, Asst. Atty. Gen., Clarence A. H. Meyer, Atty. Gen. of Neb., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

In this habeas corpus proceeding, Fred Cannon challenges his Nebraska burglary conviction, contending that the conviction rested upon an identification obtained through a constitutionally defective lineup procedure. Cannon asserts that the lineup was defective because: 1) the identifying witness was acquainted with all of the men shown in the lineup, except Cannon; 2) he was not afforded the right to counsel; and, 3) prior to the lineup, the identifying witness viewed a picture of the men shown in the lineup, including Cannon.

The lineup issue first surfaced on Cannon's direct appeal to the Nebraska Supreme Court. State v. Cannon, 185 Neb. 149, 174 N.W.2d 181 (1970). On that appeal, the court considered Cannon's challenges to the lineup procedures, notwithstanding the failure of Cannon's attorney to object to the identification testimony at trial. The court found the record adequate to establish an independent basis for the witness' identification of Cannon as the person who committed the burglary in question. The court said:

> The defendant was observed full face under a bright light from a distance of only 20 feet. The fact that the identifying witness did have an excellent opportunity to examine the defendant is made evident by the fact that he was able to give the police a sufficiently accurate description of the person he had observed so that the police were able to locate and identify him a short time later. [174 N.W.2d at 185]

In considering Cannon's habeas corpus petition, Judge Denney permitted Cannon to supplement the state trial record on the issue of identification. On the record before him, Judge Denney arrived at a conclusion similar to that of the Nebraska Supreme Court.

From our review of the supplemented record, we are satisfied that the in-court identification of Cannon as the burglar rested upon a basis independent of any taint from the improper lineup procedures. *See* United States v. Wade, 388 U.S. 218, 241–242, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); United States v. Cole, 449 F.2d 194, 199–200 (8th Cir. 1971); United States v. Ranciglio, 429 F.2d 228, 229–232 (8th Cir.), cert. denied, 400 U.S. 959, 91 S.Ct. 358, 27 L. Ed.2d 268 (1970). Accordingly, we sustain the district court's denial of the writ.