**UNITED STATES of America,**
**Appellee,**

v.

**Leo Junior VALEZ, Appellant.**

**No. 72–1086.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Oct. 3, 1972.

Benjamin J. Smith, Minneapolis, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., Robert G. Renner, U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY,* District Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

The primary issue raised by this appeal by the defendant Valez is whether the in-court identification of Valez by bank employees as the perpetrator of an armed robbery of the Midwest Federal Savings & Loan Association, in violation of 18 U.S.C. § 2113(a) and (d), is based on an independent source other than tainted lineup identification.

The trial court held a full evidentiary hearing upon the basis of a remand by this court in United States v. Valez, 431 F.2d 622 (8th Cir. 1970). In our opinion in that case, we observed that defendant at his trial failed to raise any issue as to the validity of the lineup and thus the asserted error of illegal lineup could be considered only under the plain error rule, Rule 52(b), Fed.R.Crim.P.

The lineup took place after the indictment. We recognized that under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), a pretrial lineup is a critical stage in the criminal process at which defendant has a right to counsel. By reason of defendant's failure to raise the illegal lineup issue in the trial court, the record was insufficient to enable the court to ascertain

* Sitting by designation.

whether plain error had been committed. We held:

"A plenary hearing should be held on the whole lineup procedure and the issues raised, including waiver and substitute counsel, and if the trial court finds that Valez did not waive his right to counsel or that substitute counsel was not provided, it must then determine whether there is clear and convincing evidence that the in-court identifications by Korman, Sundland, and Totten 'were based upon observations of the suspect other than the lineup identifications.' 388 U.S. at 240, 87 S.Ct. at 1939. If on remand the court finds that the lineup procedure was illegal and that none of the in-court identifications by Korman, Sundland and Totten was based upon other independent sources than the lineup identification, a new trial should be granted; however, should independent sources exist for any (but not all) of these in-court identifications, the court must determine whether admission of the tainted in-court identification(s) was harmless error." 431 F.2d 622, 626.

The Government now concedes that the trial court upon the basis of the evidence received at the hearing on remand properly determined that Valez was not represented by counsel at the lineup and that he did not waive his right to have counsel present at the lineup.[1]

In *Wade*, as here, the lineup was not used by the Government to support the identification. The lineup testimony was first introduced by the defendant. In United States v. Ranciglio, 429 F.2d 228 (8th Cir. 1970), we said:

"[T]he Supreme Court recognized in United States v. Wade, supra, that

if the defendant's conviction rests upon a courtroom identification which was based upon an impermissible pretrial identification, it cannot stand. Thus, the government has the burden in this case of establishing by clear and convincing evidence that the in-court identifications were not based upon the lineup identifications. The proper standard, taken from Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and set out in United States v. Wade, supra, 388 U.S. at 241, 87 S. Ct. at 1939, is 'Whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint'" 429 F.2d 228, 229–230.

The identification testimony is summarized in our prior opinion at p. 623 of 431 F.2d. Testimony taken at the supplemental hearing discloses that the employee witnesses had ample opportunity to view the bank robbers in daylight at close range at the time of the robbery for three minutes or more. Moodie and Korman positively identified Valez as the robber on the basis of observations made at the time of the robbery. Sundland and Totten, based on the same observations, noticed a close resemblance. Each of the witnesses prior to the arrest picked out Valez and Scarpellino as the robbers from a series of photographs fairly presented to them by the FBI. Included in the trial court's findings is the following:

"The witnesses who identified at trial consistently identified the defendant Valez and also Scarpellino as

1. The trial court, while rejecting the Government's contention that counsel for Scarpellino, whose conviction for the same offense here involved was affirmed, United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970), was serving as substitute counsel for Valez, observed that such counsel raised no objection to the lineup and further observed that no unfairness in the lineup procedure had been shown,

but then went on to say: "It is no help to the government to attempt to prove that there was no error and that even had counsel been present there would have been nothing he could have done to improve upon or change it. The subtleties that inhere in the lineup are well set forth in *Wade* [388 U.S.,] at pp. 235–37, [87 S.Ct. 1926]."

being the perpetrators of the robbery and when shown pictures excluding the defendant's picture, made no identification. The witnesses also selected the defendant and Scarpellino at the lineup which was conducted in a non-suggestive manner. Each of the witnesses commented on the Valez facial characteristics which they said were similar to one of the robbers. One of the witnesses who made positive identification at the trial, Moodie, was not at the lineup at all and so it is clear that her testimony could not be tainted thereby in any way.

"The court itself observed Valez at trial and at the hearing of July 6, 1971 and noted that he has rather unusual and readily identifiable facial characteristics, particularly his high cheek bones and somewhat sunken cheeks. The government's witnesses were sequestered and, except for the witness testifying, were excluded from the court room and one thus did not hear the other testify. The court believes and so finds that had there been no lineup the identifying witnesses would have been able to identify Valez in court from observing him at the scene and the later pictures produced by the FBI. In fact Moodie did so without having attended the lineup. The court finds that there were sufficient independent sources for the in-court identification of the defendant Valez and that the admission in evidence of the in-court identifications despite the lineup identifications, was if such was error, harmless error."

■ A careful examination of the record at the trial supplemented by the record on remand discloses substantial evidentiary support for the court's determination that the Government has met the burden imposed upon it to establish that the in-court identifications were based on observations made by the witnesses at the time of the robbery and that such identifications were not induced or influenced by the lineup identifications.

■ We hold the court committed no plain error in receiving in evidence the in-court identifications of Valez. Such holding makes it unnecessary to reach the harmless error issue. However, we deem it appropriate to state that we agree with the conclusions of the trial court, based upon the record before us, that if an error was committed in receiving in evidence the in-court identifications, such error was harmless error as defined in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of conviction is affirmed.