UNITED STATES of America, Appellee,

v.

Aulden Edward THOMAS, Appellant.

No. 76–1190.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1976.

Decided July 1, 1976.

E. Alvin Schay, Little Rock, Ark., for appellant.

Walter G. Riddick, Asst. U. S. Atty., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

## ORDER OF REMAND

Aulden Edward Thomas has appealed to this court from his conviction for armed robbery of a United States Post Office in violation of 18 U.S.C. § 2114. At trial the evidence of guilt was circumstantial, except for a very tentative identification of the accused by Mr. Williamson, the postal employee who had confronted the robber.

Just prior to trial, defense counsel and the Assistant United States Attorney learned that Thomas had been one of the subjects in a lineup held by the Little Rock, Arkansas, police on November 27, 1975. Mr. Williamson had viewed this lineup. Thomas was apparently unaware that this lineup was for the purpose of establishing the identity of the Post Office robber; he believed he was being viewed incident to the investigation of a state offense in which he was a suspect. The witness, Mr. Wil-

liamson, was also rather vague about what occurred during this lineup, seeming to confuse it at trial with a subsequent lineup held at the request of Thomas' counsel. The record does not indicate that Thomas was represented by counsel at the November 27 lineup or that he waived his right to have counsel present.

■ In *United States v. Wade,* 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court held that a pretrial lineup was a critical stage of the prosecution at which the accused was entitled to have counsel present, absent an intelligent waiver. Once it is shown that this right has been violated the government must assume the burden of establishing that identification of the defendant at trial is based on the witness' observation at the scene of the crime, independent of the faulty lineup, or that any noncompliance was harmless error. *United States v. Valez,* 467 F.2d 600, 602 (8th Cir. 1972).

■ Because of the unusual circumstances surrounding the late disclosure of the November 27, 1975, pretrial lineup, neither counsel had an adequate opportunity to bring out the facts concerning this critical stage of the prosecution. *See* Fed.R. Crim.P. 52(b). We therefore remand this case to the district court for a hearing, in order that defense counsel may establish whether Thomas was deprived of counsel at his November 27 pretrial lineup without a valid waiver of that right. In this connection we point out that the *Miranda* waiver which he executed on that date does not necessarily establish a waiver of the right to counsel's presence at the lineup. *United States v. Ranciglio,* 429 F.2d 228, 230, n. 3 (8th Cir.), *cert. denied,* 400 U.S. 959, 91 S.Ct. 358, 27 L.Ed.2d 268 (1970).

■ In the event that the lineup was conducted without counsel present and without a knowing waiver of this right, the burden will devolve on the prosecution to show that the in court identification of the accused was not based on the November 27, 1975, lineup. Consideration should be given to such factors as

the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup.

*United States v. Wade, supra,* 388 U.S. at 241, 87 S.Ct. at 1940. In making this determination the trial court should be especially aware of the weakness of the witness' identification testimony at trial. *See also United States v. Valez, supra,* 467 F.2d at 601–602; *Cannon v. Sigler,* 460 F.2d 311, 312 (8th Cir. 1972); *United States v. Ranciglio, supra,* 429 F.2d at 231–232.

■ Since the eyewitness identification of the accused was the only direct evidence of his guilt, any error in its admission could not be deemed harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, a finding by the district judge that the in court identification was based in whole or in part upon the November 27 lineup will necessitate that he grant a new trial. If, on the other hand, it is determined that Thomas' right to counsel was not violated or that the in court identifications of the accused were independent of the November 27 lineup, the case should be recertified to this court for review together with the transcript, and the written findings and conclusions of the district court on the issues described herein.