Preston **DAIGRE**, Petitioner-Appellant,

v.

Ross **MAGGIO, Jr.**, Warden,
Respondent-Appellee.

No. 82–3592
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 27, 1983.

Preston Daigre, petitioner-appellant, pro se.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

Preston H. Daigre is serving a 33-year sentence for armed robbery. His appeal to this court seeks the reversal of the district court's denial of his writ of habeas corpus.

Daigre argues that the district court erred in denying his petition since it relied solely on the "reputation" of the Louisiana Supreme Court without reviewing the merits of his claim. In addition, he claims his right to counsel was violated, he received ineffective assistance of counsel and his lineup was impermissibly suggestive. We affirm in part and reverse and remand in part.

Daigre's conviction was affirmed on appeal, *State v. Daigre,* 353 So.2d 281 (La. 1977), and the state court also denied a petition for habeas corpus relief. *State ex rel. Daigre v. Blackburn,* 405 So.2d 327 (La. 1981). Daigre previously raised in the state courts all of the issues he raises before this court thus fulfilling the exhaustion requirement.

In a brief report and recommendation, the district court magistrate noted that Daigre's claim that counsel "undertook no investigation and failed to consult with petitioner prior to trial" could not be resolved by reviewing the state record. He recommended an evidentiary hearing. The district judge disagreed. He noted that Daigre had presented his contentions "word-for-word" to the Louisiana Supreme Court, which had denied relief. He added that that Court's denial (without opinion) "carries with it a clear presumption of a careful and thorough review" by a "court of unquestionable ability and integrity whose recent history demonstrates a deep and abiding concern for the full rights of an accused individual." He concluded that further review not only would "denigrate and subvert the full force and effect" of the state supreme court's decision and show disrespect for its "painstakingly earned" reputation for protecting the rights of an accused, but also would "overburden an already burgeoning docket."

The central issue in Daigre's appeal is whether he should have been afforded an evidentiary hearing on his claims. An evidentiary hearing must be held by the district court if any of the eight factors listed in 28 U.S.C. § 2254(d) are present. The

burden is on the petitioner to show that his state hearing was not a full, fair or adequate hearing for one of those eight reasons. Otherwise, the holding of a hearing is discretionary with the district court. If the federal habeas court does not hold a hearing, this court must determine whether the state court record is full, fair and adequate to decide any fact issues raised. If it is, we too are bound to give great deference to all state court fact-findings.

### Right to Counsel at Lineup

Daigre contends that his right to counsel was violated because his attorney failed to view the lineup from the witnesses' standpoint, but instead negligently stayed backstage. Additionally, he claims that his attorney was not allowed to be present when the victims made their post-lineup identifications.

The threshold inquiry is whether Daigre had a right to counsel at this "pre-information" lineup. The right to counsel attaches at the commencement of formal criminal proceedings of an adversarial nature. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972); *McGee v. Estelle,* 625 F.2d 1206, 1208–09 (5th Cir.1980), *cert. denied,* 449 U.S. 1089, 101 S.Ct. 883, 66 L.Ed.2d 817 (1981). In *Kirby,* the Supreme Court explained that the right to counsel specifically attached at the time of arraignment or at the time of a preliminary hearing. 92 S.Ct. at 1882. The Court emphasized that the key dividing line is the initiation of adversary criminal proceedings "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* Though *Kirby's* specific holding was that no right to counsel existed at a preindictment lineup, the factual differences between *Kirby* and this case require a finding that the right to counsel existed here. Daigre was arrested and held for more than a week. A preliminary hearing was conducted to determine if probable cause existed to have Daigre "bound over." Probable cause was found. The lineup was conducted next, followed by the bill of information charging Daigre with armed robbery. Though this was a "pre-information" lineup, it appears clear that adversarial judicial proceedings had been initiated against Daigre at the preliminary examination. *See Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969).

Given the existence of the right to counsel at the lineup, the inquiry shifts to whether the conduct of Daigre's attorney or the police violated his right. The fact that the attorney stayed backstage may not be significant in light of the testimony of the identifying witnesses as to the manner of conducting the lineups. Of greater import is the asserted exclusion of the attorney from the post-lineup interview with the witnesses. The exclusion of counsel from post-lineup interviews is impermissible unless counsel is allowed to interview the witnesses afterward and is able to cross-examine them at trial about the identification procedure. *United States v. White,* 617 F.2d 1131, 1134–35 (5th Cir.1980); *United States v. Banks,* 485 F.2d 545, 546–49 (5th Cir.1973), *cert. denied,* 416 U.S. 987, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974). If Daigre's attorney was prevented from attending the post-lineup interview or questioning the witnesses following their interview with police officers, then the state acted improperly under the law of this circuit. If the attorney, however, excluded himself from the post-lineup proceedings, then his inaction may have a bearing on Daigre's ineffective assistance of counsel claim. A third possibility is that Daigre was accorded proper representation at the lineup. We intimate no view to what the facts may be when they are developed. We say now only that the record as it now exists is not sufficient to permit the resolution to be made.

### Ineffective Assistance of Counsel at Trial

In addition to the challenge to counsel's actions at the lineup, Daigre contends that the different attorney who represented him at trial failed to consult him, failed to act on information that the arresting officer had previously harassed him, failed to file pretrial motions or to familiarize himself

with the case, failed to correct the lack of counsel at the lineup and refused to allow him to testify in his own defense. Again the present record is inadequate to resolve these issues.

■ The district court should, of course, decide the ineffective assistance of counsel claim under the guidance of *Washington v. Strickland,* 693 F.2d 1243 (5th Cir.1982) (Unit B en banc). Under *Washington,* "the petitioner has the burden of persuasion to demonstrate that the ineffective assistance created not only 'a *possibility* of prejudice, but that [it] worked to his *actual* and substantial disadvantage.'" *Id.* at 1258 (quoting *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (emphasis in original)).

### Improper Lineup

■ Daigre contends that his lineup was impermissibly suggestive. This issue need not be remanded. The state court record demonstrates that the contention is without merit. The state court's denial of relief on this ground is entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Summer v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Daigre offers nothing substantial to overcome that presumption.

On remand, the district court should address specifically Daigre's contentions relating to effective assistance of counsel both at lineup and at trial. The summary dismissal of habeas claims by the district court is improper. Reliance upon the reputation for trustworthiness of a state court is no substitute for legal and factual analysis. The lack of any explanation by the court of these claims deprives this court of the needed basis upon which to conduct a meaningful review. *Gray v. Lucas,* 677 F.2d 1086, 1103 (5th Cir.1982).

The judgment of the district court denying the application for habeas corpus relief is

AFFIRMED IN PART, and, IN PART, REVERSED and REMANDED.