PER CURIAM.
Defendant, charged by bill of informa-. tion with armed robbery, in violation of La.R.S. 14:64, moved in the district court to suppress the identifications made at a corporeal line-up conducted on November 3, 1983. The trial judge denied the motion after a hearing on February 22, 1984 and the Fourth Circuit has found “no error in the ruling. . . .” State v. Williams, 452 So.2d 182 (La.App. 4th Cir.1984). On defendant’s application, we have stayed the proceedings before trial to review the judgments below.
The line-up in this case was conducted after a preliminary examination held on September 20,1983 marked the initiation of adversarial judicial proceedings against defendant. Moore v. Illinois, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); cf., Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). However, at the hearing on the motion to suppress, the state failed to establish either that an attorney was present at the line-up or that defendant made a knowing and intelligent waiver of his right to the assistance of counsel. Daigre v. Maggio, 705 F.2d 786 (5th Cir.1983); State v. Frisco, 411 So.2d 37 (La.1982); cf., United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149 (1967).
Accordingly, the state may not present at trial any evidence of the November 3 *566 line-up. See, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The ruling of the trial court is therefore reversed, the motion to suppress is granted, and this case is remanded for all proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.