ALFORD, Judge.
The State filed a petition alleging that James Gordon committed two counts of armed robbery, in violation of La.R.S. 14:64. After an adjudication hearing, the trial court found that the juvenile had committed armed robbery as charged in Count 1 of the petition.[1] He was adjudicated a delinquent and committed to the custody of the Department of Public Safety and Corrections until age twenty-one.[2] The juvenile has appealed, alleging two assignments of error, as follows:
1. The trial court erred in adjudicating the juvenile a delinquent because there was insufficient evidence to prove he had committed armed robbery.
2. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.[3]
Between 11:00 a.m. and 12:00 noon on August 22, 1986, Earl Brown and Vereace McNeely were robbed at gunpoint by a young, black male at a park located on 72nd Street in Baton Rouge, Louisiana. Before the robbery occurred, the victims were sitting at a picnic table, talking; there were a few other people in the area. However, the robbery occurred when everyone left that area of the park, except for the gunman and the victims. Both victims observed a young, black male walk toward and then past them. He went into some bushes, produced a pistol, fired one shot into the air, and confronted the victims. The gunman instructed them to accompany him behind the bushes, where he forced them to lie on the ground and roll over. He took Mr. Brown’s wallet but did not take anything from Ms. McNeely, who apparently did not have any money on her person at the time. He then inquired about the ownership of a nearby car and stated that he needed a ride to a certain location. Although the car belonged to Ms. McNeely, both victims denied knowing who owned the car. After threatening to shoot the victims, the gunman instructed them to *630 stay on the ground until he left the area. He then fled.
On March 13, 1987, both victims identified James Gordon out of a lineup consisting of six young, black males. However, at the adjudication hearing which was held on April 25, 1988, the trial court granted the juvenile’s motion to suppress the lineup identifications because an attorney had not been present to observe the lineup procedure and because the State could not prove that any of the other participants in the lineup had gold teeth. (James Gordon had a gold tooth.) Nevertheless, at the adjudication hearing, both victims positively identified James Gordon as the gunman. The trial court ruled that the victims were able to identify the juvenile independently of the lineup identification and that their in-court identification of the juvenile was not tainted by their earlier identification of him at the lineup. On this basis, the trial court concluded there was sufficient evidence that the juvenile had committed armed robbery.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the juvenile contends that the trial court erred in adjudicating him a delinquent because there was insufficient evidence to prove that he had committed armed robbery. Specifically, the juvenile contends that his in-court identification by the victims was tainted by the earlier lineup identification and that the victims did not have an independent basis for their in-court identification of him. For these reasons, he concludes that their in-court identification of him as the gunman was too unreliable to constitute proof beyond a reasonable doubt that he had committed armed robbery.
La.R.S. 14:64 A provides:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
When the State charges a child with a delinquent act, it has the burden of proving each element of the offense beyond a reasonable doubt. La.C.J.P. art. 73. On appeal, the applicable standard of review is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard of review applies to juvenile proceedings in which a child is adjudicated a delinquent. See La.C.J.P. art. 73; State in the Interest of Giangrosso, 395 So.2d 709 (La.1981).
There is no question that a robbery occurred. The identity of the gunman is the only issue in this case. In his brief to this Court, the juvenile points to the fact that Mr. Brown and Ms. McNeely disagreed about the color of the gunman’s shirt and cap. He also notes that Mr. Brown testified that the robbery lasted approximately five minutes, while Ms. McNeely stated that the robbery lasted fifteen minutes. Citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and State v. Frisco, 411 So.2d 37 (La.1982), writ granted, Frisco v. Blackburn, 782 F.2d 1353 (5th Cir.1986), the juvenile suggests the factors which can establish an independent basis for identification. These are: the circumstances existing when the witness saw the criminal; the length and extent of the observation; lack of discrepancies between the initial description and the defendant; absence of conflicting identifications; photographic selection prior to the physical lineup; the certainty of the witness; a short interval between the crime and the lineup; prior acquaintance of the parties; and conduct of the lineup in a proper manner. Based on the discrepancies between the testimony of Mr. Brown and Ms. McNeely as noted above and the length of time between the robbery and the in-court identification, the juvenile contends that their in-court identification of him as the gunman was tainted by the lineup identification, unreliable, and, therefore, not sufficient to prove beyond a reasonable doubt that he was the gunman. We disagree.
Both witnesses were unequivocal in their in-court identification of the juvenile as the gunman. While they disagreed about the *631 color of the shirt and cap worn by the gunman, they both agreed that the gunman wore bluejeans, a long-sleeved shirt, and a cap. Both victims had sufficient opportunity to see the gunman during this midday robbery. Their attention was clearly focused on the gun and the gunman since he fired a shot into the air, forced them to accompany him behind the bushes, questioned them about the ownership of the nearby car, and threatened to kill them. In fact, when cross-examined about the basis for her in-court identification of the juvenile, Ms. McNeely indicated that she still would have been able to identify him even if the lineup had not been conducted.
We conclude that the trial court properly ruled that the in-court identifications by the witnesses were independent of the tainted lineup identifications and, therefore, were admissible. Furthermore, we find that the in-court identification evidence is sufficient to support, beyond a reasonable doubt, the trial court’s conclusion that James Gordon committed armed robbery. Therefore, the trial court did not err in adjudicating James Gordon a delinquent.
For the reasons assigned in the foregoing opinion, the judgment of the trial court is affirmed.
AFFIRMED.

. Count 2 in the petition was not addressed at the hearing; and the instant record gives no indication whether or not Count 2 was dismissed, considered on another date, or otherwise disposed of.

. James Gordon was fifteen years old at the time the instant offenses were committed.

.Furthermore, the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 are not applicable to juvenile proceedings. State in the Interest of Racine, 433 So.2d 243 (La.App. 1st Cir.), writ denied, 440 So.2d 151 (La.1983). Instead, the trial court should follow La.C.J.P. articles 83 and 86 in determining an appropriate disposition. Moreover, the trial court gave a thorough statement of reasons for the instant disposition.