No. 89–6484.  GRANVIEL *v.* TEXAS.  C. A. 5th Cir.  Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

This case raises the question whether an indigent criminal defendant's constitutional right to psychiatric assistance in preparing an insanity defense is satisfied by court appointment of a psychiatrist whose examination report is available to both the defense and prosecution.  The Fifth Circuit, on habeas review, held that such an appointment is sufficient.  *Granviel* v. *Lynaugh,* 881 F. 2d 185 (1989).  This ruling is squarely inconsistent with our decision in *Ake* v. *Oklahoma,* 470 U. S. 68 (1985), that a State must provide an indigent defendant a psychiatrist to assist in preparing and presenting his defense.  *Ake* mandates the provision of a psychiatrist who will be part of the defense team and serve the defendant's interests in the context of our adversarial system.  To allow the prosecution to enlist the psychiatrist's efforts to help secure the defendant's conviction would deprive an indigent defendant of the protections that our adversarial process affords all other defendants.

Kenneth Granviel was tried for capital murder in 1983.  Prior to trial, Granviel requested that the court appoint a mental health expert to help him prepare an insanity defense.  He specifically asked that the expert's report not be made available to the prosecution.  The trial court denied petitioner's request for confidential expert assistance; it did, however, appoint a disinterested ex-

pert whose report would go to both the defense and prosecution, as authorized by Tex. Code Crim. Proc. Ann., Art. 46.03(3) (Vernon 1979 and Supp. 1990). That statute provides:

"(a) If notice of intention to raise the insanity defense is filed . . . , the court may, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health and mental retardation to examine the defendant with regard to the insanity defense and to testify thereto at any trial or hearing on this issue.

"(b) The court may order any defendant to submit to examination for the purposes described in this article. . . .

"(c) The court shall advise any expert appointed pursuant to this section of the facts and circumstances of the offense with which the defendant is charged and the elements of the insanity defense.

"(d) A written report of the examination shall be submitted to the court within 30 days of the order of examination, and the court shall furnish copies of the report to the defense counsel and the prosecuting attorney."

See also Art. 46.02 (providing for court appointment of expert to determine defendant's competency to stand trial). Pursuant to this law, the court also allowed the prosecution, over Granviel's objection, to rebut Granviel's evidence of insanity with the report of a psychiatrist appointed at Granviel's request.

In *Ake*, we held that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and *assist in evaluation, preparation, and presentation of the defense.*" 470 U. S., at 83 (emphasis added). *Ake* was concerned not with establishing a procedure whereby an independent examiner could determine the validity of a defendant's insanity defense and present his findings to both parties and to the court. Rather, *Ake* was directed at providing a defendant with the tools necessary to present an effective defense within the context of our adversarial system, in which each party marshals evidence favorable to its side and aggressively challenges the evidence presented by the other side. In that adversarial system, "the psychiatrists for each party enable the

[court or] jury to make its most accurate determination of the truth on the issue before them." *Id.*, at 81. Thus, we recognized in *Ake* that a defense psychiatrist is necessary not only to examine a defendant and to present findings to the judge or jury on behalf of the defendant, but also to "assist in preparing the cross-examination of a State's psychiatric witnesses," *id.*, at 82, and in determining "how to interpret their answers," *id.*, at 80. Just as an indigent defendant's right to legal assistance would not be satisfied by a State's provision of a lawyer who, after consulting with the defendant and examining the facts of the case and the applicable law, presented everything he knew about the defendant's guilt to the defendant, the prosecution, and the court, so his right to psychiatric assistance is not satisfied by provision of a psychiatrist who must report to both parties and the court.

*Ake*'s requirement of psychiatric assistance does not mean that a defendant can shop around for a psychiatrist "of his personal liking" or "receive funds" from the State to hire a psychiatrist on his own. *Id.*, at 83. The trial court retains the authority to choose the psychiatrist, as long as that psychiatrist is competent. Nevertheless, the function of the psychiatrist chosen by the court is still to assist the defendant in preparing and presenting his defense. Of course, *Ake* does not guarantee a psychiatrist "who will reach biased or only favorable conclusions." 881 F. 2d, at 192. If the psychiatrist appointed to assist the defendant determines that the defendant was not insane at the time of the offense, he probably will not be able to provide much helpful testimony for the defense on the insanity issue. But the psychiatrist's determination may not be revealed to the prosecution for use as evidence any more than may the results of the investigation and research of the defendant's court-appointed lawyer.

Texas' provision of a "disinterested" expert thus does not satisfy *Ake*. Texas may, of course, provide for appointment of such an expert to aid the factfinder in determining the validity of a defendant's insanity defense. Cf. Fed. Rule Evid. 706. Such an appointment, however, must supplement—not take the place of—appointment of a psychiatrist to assist the defendant in preparing and presenting his defense.

Granviel is entitled to a new trial because he was deprived of the assistance required under *Ake*. Furthermore, as this result is dictated by *Ake*, which we decided before petitioner's conviction became final, Granviel's claim is not barred by this Court's deci-

sion in *Teague* v. *Lane*, 489 U. S. 288, 301 (1989). Because the Fifth Circuit's misinterpretation of *Ake* substantially undermines an indigent defendant's ability to present an effective defense, I would grant the petition to reaffirm our holding in *Ake*. Even if Granviel did not have a meritorious *Ake* claim, I would grant the petition and vacate petitioner's death sentence on the ground that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).