IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31121
Summary Calendar
_____

CLYDE STEWART,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1231-H
- - - - - - - - - -

July 1, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Clyde Stewart, Louisiana prisoner # 92865, challenges the

district court's dismissal of his 28 U.S.C. § 2254 habeas corpus

petition.  He contends that he was denied his right to counsel at

a physical lineup conducted after he was arrested and appointed

counsel at an initial court appearance but prior to the issuance

of the indictment.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stewart's claim that he was entitled to counsel under Louisiana law, pursuant to State v. Hattaway, 621 So. 2d 796 (La. 1993) and La. Code Crim. P. Ann. art. 230.1 (West 1999), is not cognizable in a § 2254 petition. See Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988)(errors of state law and procedure are not cognizable in federal habeas proceedings unless they result in a violation of a federal constitutional right). Stewart does not have a federal constitutional claim because his initial appearance was not a preliminary hearing signaling the onset of adversarial judicial proceedings and triggering his Sixth Amendment right to counsel. See Kirby v. Illinois, 406 U.S. 682, 688-89 (1972); Frisco v. Blackburn, 782 F.2d 1353, 1355 (5th Cir. 1986); Daigre v. Maggio, 705 F.2d 786 (5th Cir. 1983); La. Code Crim. P. arts. 230.1, 291 et. seq. The district court's judgment denying habeas relief is therefore AFFIRMED.